**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kerry A. Fagiolo, | CIV. 11-1480-PHX-PGR |
| Plaintiff, | **ORDER** |
| v. | |
| VHS Acquisition Subsidiary Number 1, Inc., et al., | |
| Defendants. | |

Plaintiff commenced this Title VII action on July 7, 2011. On February 23, 2012, Plaintiff filed a Notice of Plaintiff's Filing Bankruptcy. (Doc. 15.) The Notice indicates that Plaintiff filed for Chapter 7 bankruptcy relief on January 19, 2012. *See* 2:12-bk-1000-RJH. Plaintiff's counsel, noting that the trustee of the bankruptcy estate has acquired Plaintiff's interest in this action, requests that he be exempt from further participation in the action, that all orders in the matter be vacated, and that the case be stayed until further notification of the trustee.

The property of a bankruptcy estate includes causes of action that accrue before the claimant declares bankruptcy. *Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 707–09 (9th Cir. 1986); *see* 11 U.S.C. 541(a). A Chapter 7 debtor may only bring a cause of action if he can show either the action was not subject to the bankruptcy or was abandoned by the bankruptcy trustee. Otherwise the claim belongs to the bankruptcy estate and only the trustee has standing to litigate the cause of action. *See In re Eisen*, 31 F.3d 1447,

1451 n.2 (9th Cir. 1994); *see also* 11 U.S.C. § 323(b).

Plaintiff's claim accrued prior to her filing for bankruptcy. Her cause of action therefore belongs to the bankruptcy estate, and she lacks standing to litigate the case unless she can show that the action was not subject to the bankruptcy or was abandoned by the trustee.

Accordingly,

IT IS HEREBY ORDERED that no later than March 30, 2012, Plaintiff shall either (1) substitute bankruptcy trustee Anthony Mason as the plaintiff in this action, (2) establish that trustee Mason has formally abandoned this action pursuant to 11 U.S.C. § 554, or (3) show cause why this action should not be dismissed due to Plaintiff's lack of standing to prosecute it.

IT IS FURTHER ORDERED vacating the February 27, 2012 deadline for filing a joint case management report, as well as the Monday, March 12, 2012, scheduling conference.

IT IS FURTHER ORDERED that the case is stayed pending further Order of the Court.

IT IS FURTHER ORDERED that the Clerk of Court forward a copy of this Order to Anthony Mason, P.O. Box 4427, Phoenix, AZ 85030-4427.

DATED this 29th day of February, 2012.

_____
Paul G. Rosenblatt
United States District Judge